FILED

11 APR 20 PM 1:53

CLERK U.S. DISTRICT COURT
CENTRAL DIST OF CALIF.
LOS ANGELES

BY: _____

MIKE MARGOLIS, ESQ.  SBN: 087785
MARGOLIS & TISMAN LLP
444 South Flower Street, Suite 2300
Los Angeles, California 90071
Telephone: (213) 683-0300
Facsimile: (213) 683-0303
Email: margolis@winlaw.com

KIMBERLY L. OWENS, ESQ.  SBN: 233185
MARGOLIS & TISMAN LLP
601 Montgomery Street, Suite 2030
San Francisco, CA  94111
Telephone: (415) 986-2144
Facsimile: (415) 986-4461
Email: kowens@winlaw.com

Attorneys for Defendant
POLAR AIR CARGO WORLDWIDE, INC.

# UNITED STATES DISTRICT COURT

## CENTRAL DISTRICT OF CALIFORNIA

CV11 03372 DSF (MRW)

| | |
|---|---|
| CHARLES CYRUS NEWMAN, an individual, | Case No. _____ |
| Plaintiff, | [Los Angeles Superior Court Case No. BC457667] |
| v. | |
| POLAR AIR CARGO WORLDWIDE, INC., a Delaware corporation, and Does 1 through 25, inclusive, | **NOTICE OF REMOVAL OF CIVIL ACTION TO FEDERAL COURT UNDER 28 U.S.C. SECTIONS 1332 AND 1441 (DIVERSITY JURISDICTION)** |
| Defendants. | |

MARGOLIS & TISMAN LLP
ATTORNEYS AT LAW
444 SOUTH FLOWER STREET
SUITE 2300
LOS ANGELES
CALIFORNIA 90071

TO THE CLERK OF THE ABOVE-ENTITLED COURT:

PLEASE TAKE NOTICE that, pursuant to 28 U.S.C. sections 1332 and 1441, Defendant Polar Air Cargo Worldwide, Inc. ("Defendant" or "Polar") hereby removes this action from the Superior Court of the State of California for the County of Los Angeles to the United States District Court for the Central District of California.

## PROCEDURAL HISTORY AND TIMELINESS OF REMOVAL

1.      On March 21, 2011, a Complaint was filed in the Superior Court of the State of California for the County of Los Angeles, entitled *Charles Cyrus Newman v. Polar Air Cargo Worldwide, Inc.*, a Delaware Corporation, and Does 1 through 25, inclusive, and docketed as case number BC457667 (the "Complaint").   The Complaint purports to allege six causes of action: (1) breach of employment contract, (2) retaliation under California Labor Code section 6310, (3) retaliation under California Labor Code section 1102.5, (4) wrongful termination in violation of public policy, (5) defamation, and (6) intentional infliction of emotional distress.  A true and correct copy of the Complaint is attached as Exhibit A.

2.      On March 23, 2011, Defendant was served with a copy of the Complaint and Summons. This Notice of Removal is timely, being filed within thirty days after the date of service as required by 28 U.S.C. section 1446(b).  A true and correct copy of the Summons that was served on Defendant is attached as Exhibit B.

3.      Along with the Complaint and Summons, Defendant also received copies on or about March 23, 2011 of the following notices and forms for the state court action: a Notice of Case Assignment, a Civil Case Cover Sheet, and a Civil Case Cover Sheet Addendum and Statement of Location.  A true and correct copy of all of these notices and forms is attached as Exhibit C.

4.      As required by 28 U.S.C. section 1446(a), the attached exhibits constitute all process, pleadings and orders served upon Defendant in this action.  Defendant has not yet answered or otherwise responded to the Complaint and will do so in federal court in accordance with Federal Rule of Civil Procedure 81(c).

MARGOLIS & TISMAN LLP
ATTORNEYS AT LAW
444 SOUTH FLOWER STREET
SUITE 2300
LOS ANGELES
CALIFORNIA 90071

1

NOTICE OF REMOVAL

## BASIS FOR REMOVAL – DIVERSITY JURISDICTION

5.      This Court has original jurisdiction over this action under 28 U.S.C. section 1332(a). Therefore, removal to federal court is proper.  28 U.S.C. § 1441(a) (unless otherwise provided, "any civil action brought in a State court of which the district courts of the United States have original jurisdiction, may be removed by the defendant . . . to the district court of the United States for the district and division embracing the place where such action is pending").

6.      United States district courts have original jurisdiction over all civil actions where the matter in controversy exceeds the sum or value of $75,000 and is between citizens of different States. 28 U.S.C. § 1332(a).  Diversity jurisdiction is "to be assessed as of the time the complaint is filed and removal is effected." *Strotek Corp. v. Air Transp. Ass'n of Am.*, 300 F.3d 1129, 1132 (9th Cir. 2002).

7.      The amount in controversy in this action exceeds $75,000.  To determine the amount in controversy, a court must first "consider whether it is 'facially apparent' from the complaint that the jurisdictional amount is in controversy." *Singer v. State Farm Mut. Auto. Ins. Co.*, 116 F.3d 373, 377 (9th Cir. 1997).  A court must assume that the allegations of the complaint are true, and that a jury will return a verdict for the plaintiff on all claims made in the complaint. *Kenneth Rothschild Trust v. Morgan Stanley Dean Witter*, 199 F. Supp. 2d 993, 1001 (C.D. Cal. 2002).  The amount in controversy requirement "can easily be met if it is facially apparent from the allegations in the complaint that plaintiff's claims exceed $75,000." *Id.*

8.      In this case, it is facially apparent from the Complaint that the amount in controversy exceeds $75,000.  The Complaint states that Plaintiff seeks "general and compensatory damages according to proof but in no event less than $100,000[.]"  (Exh. A, Complaint p. 10, Prayer for Relief.)  In addition to that amount, which by itself exceeds the minimum, Plaintiff seeks contract and consequential damages according to proof, reinstatement, reimbursement of lost wages and benefits, exemplary damages, costs of suit, attorneys' fees, and interest. (Exh. A, Complaint p. 10, Prayer for Relief.)

MARGOLIS & TISMAN LLP
ATTORNEYS AT LAW
444 SOUTH FLOWER STREET
SUITE 2300
LOS ANGELES
CALIFORNIA 90071

2

NOTICE OF REMOVAL

9.     This action is also between citizens of different States.  The Complaint states that "Newman is "an individual residing in the County of Los Angeles, California." (Exh. A, Complaint ¶ 1.)  Therefore, Plaintiff is a citizen of the State of California.

10.     Polar, the only named Defendant, is not a citizen of the State of California.  For removal purposes, "a corporation shall be deemed to be a citizen of any State by which it has been incorporated and of the State where it has its principal place of business . . . ."  28 U.S.C. § 1332(c)(1).  A corporation's principal place of business is "the place where a corporation's officers direct, control, and coordinate the corporation's activities." *Hertz Corp. v. Friend*, __ U.S. __, 130 S. Ct. 1181, 1192 (2010).   In practice, the principal place of business is normally where the corporation maintains its headquarters. *Id.*  At the time the Complaint was filed and at the time of this Notice, Defendant Polar was and is a corporation incorporated in the State of Delaware with its principal place of business located in the State of New York.  (Borkowski Declaration ¶¶ 3-4; Complaint ¶ 2.)  Therefore, Defendant is a citizen only of the States of Delaware and New York, and this matter is between citizens of different States.

## VENUE

11.     Venue is proper in this Court because this is the district embracing the place where this action is pending, the Superior Court of the State of California for the County of Los Angeles. *See* 28 U.S.C. § 1441(a).

## NOTICE TO STATE COURT AND PLAINTIFF

12.     Promptly after filing this Notice of Removal with this Court, Defendant shall provide written notice thereof to Plaintiff and shall file a copy of the Notice with the Los Angeles County Superior Court in accordance with 28 U.S.C. section 1446(d).

MARGOLIS & TISMAN LLP
ATTORNEYS AT LAW
444 SOUTH FLOWER STREET
SUITE 2300
LOS ANGELES
CALIFORNIA 90071

3

NOTICE OF REMOVAL

## CONCLUSION

Pursuant to 28 U.S.C. section 1441, removal is proper because this Court has original jurisdiction over this action under 28 U.S.C. § 1332(a).  WHEREFORE, Defendant prays that the above-entitled action be removed to this Court.

Dated: April 20, 2011

MARGOLIS & TISMAN LLP

By: _____

MIKE MARGOLIS
KIMBERLY L. OWENS
Attorneys for Defendant
POLAR AIR CARGO WORLDWIDE, INC.

MARGOLIS & TISMAN LLP
ATTORNEYS AT LAW

444 South Flower Street
Suite 2300
Los Angeles
California 90071

4

NOTICE OF REMOVAL

Exhibit A

# COPY

BY FAX

1    Doug Griffith, Esq. (SBN 185333)
     LAW OFFICE OF DOUG GRIFFITH
2    633 W. 5th St., Ste. 2800
     Los Angeles, CA 90071
3    Telephone: (213) 223-2092
     Facsimile: (213) 223-2093
4    Email: doug@douggriffithlaw.com

5    Attorney for Plaintiff
     CHARLES CYRUS NEWMAN

**CONFORMED COPY**
**OF ORIGINAL FILED**
Los Angeles Superior Court

**MAR 21 2011**

John A. Clarke, Executive Officer/Clerk

By _____ Deputy
      EUGENIA LOPEZ

7       SUPERIOR COURT OF THE STATE OF CALIFORNIA

8             COUNTY OF LOS ANGELES

9    CHARLES CYRUS NEWMAN,      CASE NO.
     an individual,
10                     BC457667

11           Plaintiff,      COMPLAINT FOR:

                      (1) BREACH OF EMPLOYMENT
12           vs.               CONTRACT

13    POLAR AIR CARGO WORLDWIDE,    (2) RETALIATION UNDER CAL. LAB.
     INC., a Delaware corporation; and      CODE § 6310
14    DOES 1 through 25, inclusive,
                      (3) RETALIATION UNDER CAL. LAB.
15           Defendants.        CODE § 1102.5

16                       (4) WRONGFUL TERMINATION IN
                       VIOLATION OF PUBLIC POLICY
17

18                       (5) DEFAMATION

19                       (6) INTENTIONAL INFLICTION OF
                       EMOTIONAL DISTRESS
20
                      **JURY TRIAL DEMANDED**
21

22         Plaintiff CHARLES CYRUS NEWMAN ("Newman") alleges against

23    defendants POLAR AIR CARGO WORLDWIDE, INC. ("Polar Air Cargo") and DOES 1

24    through 25, inclusive, as follows:

25

26                    **PARTIES**

27       1.     Newman is an individual residing in the County of Los Angeles,

28    California.

                         COMPLAINT

1     2.     Polar Air Cargo is a Delaware corporation with operations, activities,

2  facilities and personnel in the State of California, including at all times relevant Newman.

3

4     3.     Does 1 through 25, inclusive, have been named fictitiously because

5  Newman is unaware of their true names or capacities.  Once Newman determines their

6  true names and capacities he will seek leave of court to amend this Complaint to allege

7  same.  Newman is informed and believes and, based thereon, alleges that each of the

8  fictitiously named Does 1 through 25 is liable to him for some or all of the actions and/or

9  omissions described herein, either independently or jointly and severally as the authorized

10  or ratified agent, servant, employee, principal, partner, co-conspirator, co-venturer or

11  other representative or accomplice of Polar Air Cargo, acting within the scope and

12  authority of said relationship.  Accordingly, whenever a reference is made to Polar Air

13  Cargo in this Complaint, such reference shall also include the fictitiously named Does 1

14  through 25.

15

16                 **FIRST CAUSE OF ACTION**

17            **Breach of Employment Contract**

18     4.     Newman repeats, realleges and incorporates by this reference the

19  allegations contained in paragraphs 1-3, inclusive, as though set forth in full.

20

21     5.     On or about December 24, 2000, Polar Air Cargo and Newman

22  entered into a written employment contract according to which Polar Air Cargo hired

23  Newman as a Boeing 747-400 First Officer.

24

25     6.     The terms of the employment contract were comprised of and

26  evidenced by, in addition to various documents published by Polar Air Cargo, a Collective

27  Bargaining Agreement ("CBA") stating that Newman could be terminated only for "just

28

-2-
COMPLAINT

1  cause." The standard for and meaning of "just cause," insofar as the dispute at issue in

2  this action is concerned, are contained exclusively within Polar Air Cargo's stand-alone

3  rules, regulations and policies that set the standards for pilot proficiency, and are not set

4  forth to any extent in the CBA.

5

6      7.    In addition to the terms of the employment contract that were in

7  writing, various terms of the contract were created or implied by prior conduct, past

8  practices and courses of dealing.

9

10     8.    In or about February 2009, Newman began a period of medical leave

11  that was necessitated by a serious health issue affecting him and, subsequently, a separate

12  serious health issue affecting his spouse.  Newman's leave ended in or about September

13  2009.

14

15     9.    On or about October 22, 2009, Polar Air Cargo terminated Newman,

16  stating that there existed "just cause" based on Newman's alleged failure to demonstrate

17  Polar Air Cargo's required degree of pilot proficiency pursuant to its published standards

18  and requirements.  In fact, however, Newman met or exceeded Polar Air Cargo's pilot

19  proficiency standards and demonstrated this, and therefore there existed no "just cause"

20  for his termination.  Newman in all respects satisfactorily carried out and remained ready

21  to carry out his job responsibilities under the written and implied terms of the employment

22  contract, except those responsibilities that he was prevented by Polar Air Cargo from

23  performing.

24

25     10.    As a result of Polar Air Cargo's breach of the employment contract,

26  Newman has been damaged in an amount to be proven at trial, consisting of the salary and

27  benefits he would have reasonably expected to receive under the employment contract had

28  Polar Air Cargo not breached it, plus consequential damages as permitted by law.

-3-

COMPLAINT

## SECOND CAUSE OF ACTION

### Retaliation Under Cal. Lab. Code § 6310

11.    Newman repeats, realleges and incorporates by this reference the allegations contained in paragraphs 4-10, inclusive, as though set forth in full.

12.    In the course of Polar Air Cargo's training and/or proficiency checking of Newman in or about February 2009, Newman pointed out to Polar Air Cargo that its Boeing 747-400 simulator was malfunctioning and not adequately replicating the systems, flight characteristics, visuals and audio of an actual Boeing 747-400, which deficiencies, Newman reasonably believed, placed Polar Air Cargo in violation of Federal Aviation Regulations ("FARs"), created unsafe working conditions, and presented a hazard to crew, cargo, other aircraft, and persons and property on the ground.

13.    Newman was terminated in large part as the result of, and in retaliation for, the safety-related complaints that he had made regarding Polar Air Cargo's Boeing 747-400 simulator, and in anticipation that Newman would report his observations concerning Polar Air Cargo's safety deficiencies to the Federal Aviation Administration ("FAA").

14.    Polar Air Cargo's retaliatory discharge of Newman rendered it in violation of Cal. Lab. Code § 6310 subd. (a), which states, in pertinent part:

> No person shall discharge or in any way discriminate against any employee because the employee has done any of the following: (1) Made any oral or written complaint to the division, other governmental agencies having statutory responsibility for or assisting the division with reference to employee safety or health, his or her employer, or his or her representative . . . .

15.    As a result of Polar Air Cargo's violation of the above statute, Newman has been damaged in an amount to be proven at trial, consisting of the salary and

-4-

1   benefits he would have reasonably expected to receive under the contract had he not been

2   terminated.

3

4   **THIRD CAUSE OF ACTION**

5   **Retaliation Under Cal. Lab. Code § 1102.5**

6       16.    Newman repeats, realleges and incorporates by this reference the

7   allegations contained in paragraphs 11-15, inclusive, as though set forth in full.

8

9       17.    Specific activity which Newman observed, which Polar Air Cargo

10   was concerned about Newman reporting to the FAA, and which Newman reasonably

11   believed constituted violations of one or more FARs, was Polar Air Cargo's repeated and

12   sustained use of a Boeing 747-400 simulator that did not adequately replicate the systems,

13   flight characteristics, visuals and audio of an actual Boeing 747-400 aircraft.

14

15       18.    Polar Air Cargo's termination of Newman in anticipation that he

16   would report his observations to the FAA, and in order to prevent and/or discredit that

17   disclosure, rendered the discharge in violation of Cal. Lab. Code § 1102.5, which states, in

18   pertinent part:

19

20       (a)  An employer may not make, adopt, or enforce any rule,
regulation, or policy preventing an employee from disclosing

21   information to a government or law enforcement agency,
where the employee has reasonable cause to believe that the

22   information discloses a violation of state or federal statute, or
a violation or noncompliance with a state or federal rule or

23   regulation.

24       (b)  An employer may not retaliate against an employee for
disclosing information to a government or law enforcement

25   agency, where the employee has reasonable cause to believe
that the information discloses a violation of state or federal

26   statute, or a violation or noncompliance with a state or federal
rule or regulation.

27       (c)  An employer may not retaliate against an employee for
refusing to participate in an activity that would result in a

28

-5-

COMPLAINT

violation of state or federal statute, or a violation or noncompliance with a state or federal rule or regulation.

19.     As a result of Polar Air Cargo's conduct and violation of the foregoing statute, Newman has been damaged in an amount to be proven at trial, consisting of the salary and benefits he would have reasonably expected to receive under the employment contract had he not been retaliated against, and other remedies permitted by law.

## FOURTH CAUSE OF ACTION

### Wrongful Termination in Violation of Public Policy

20.     Newman repeats, realleges and incorporates by this reference the allegations contained in paragraphs 16-19, inclusive, as though set forth in full.

21.     Because a motivating reason for Newman's termination by Polar Air Cargo was that he alerted the company to a safety problem and that Polar Air Cargo anticipated that he would report that safety problem and/or FAR violation to the FAA, the termination violated California's fundamental public policy against terminations that are rooted in the employee's reporting of safety problems, as reflected in Cal. Lab. Code § 6310.

22.     Because a motivating reason for Newman's termination by Polar Air Cargo was that Polar Air Cargo anticipated that he would report the above safety problem and/or FAR violation to the FAA, the termination violated California's fundamental public policy against terminations that are rooted in the employee's reporting of regulatory violations to the government, as reflected in Cal. Lab. Code § 1102.5.

23.     A motivating reason for Newman's termination by Polar Air Cargo was that he exercised his right under the California Family Rights Act, Cal. Govt. Code §

-6-

COMPLAINT

1    12945.2 ("CFRA") and the Family and Medical Leave Act, 29 U.S.C. § 2601, *et seq.*

2    ("FMLA") to commence a leave of absence rooted in a serious health condition affecting

3    himself and (subsequently) a serious health condition affecting his spouse.  Therefore the

4    termination violated California's fundamental public policy against terminations that are

5    due to the employee's exercise of right to medical leave, as reflected in Cal. Govt. Code §

6    12945.2(l)and 29 C.F.R. § 825.220(c).

7

8        24.    As a result of Polar Air Cargo's termination of Newman in violation

9    of public policy, Newman has been damaged in an amount to be proven at trial, consisting

10   of the salary and benefits he would have reasonably expected to receive under the

11   employment contract had he not been wrongfully terminated, plus consequential damages

12   as permitted by law, and tort damages including humiliation, embarrassment and loss to

13   professional reputation.

14

15                            **FIFTH CAUSE OF ACTION**

16                                   **Defamation**

17       25.    Newman repeats, realleges and incorporates herein by this reference

18   the allegations contained in paragraphs 20-24, inclusive, as though set forth in full.

19

20       26.    Through the actions of Newman's superiors within the company,

21   Polar Air Cargo, in the course of creating false and pretextual justifications for Neman's

22   termination, in terminating Newman, and thereafter, made false, malicious, unprivileged

23   and baseless statements of fact concerning Newman's professional competence and

24   performance to others within the company and to third persons.  The statements were

25   made without any reasonable investigation into the truth or falsity of the statements or any

26   reason to believe that they were true.

27

28

-7-

COMPLAINT

27.     In addition to the publication of the above false statements by Polar Air Cargo, the statements will also have to be disclosed by Newman to prospective employers in order to explain the true circumstances of his termination by Polar Air Cargo, and with reasonable foreseeability might be disclosed by Polar Air Cargo pursuant to the Pilot Records Improvement Act of 1996, 49 U.S.C. §44703(h).

28.     As a direct result of result of Polar Air Cargo's defamatory conduct, Newman has suffered and will suffer anguish, anxiety, worry, shock, humiliation, shame, embarrassment, and damage to his profession and professional reputation, resulting in general and special damages in an amount to be proven at trial as well as damages assumed by law.

29.     The defamatory conduct of Polar Air Cargo's personnel in the course of preparing to terminate and terminating Newman, and thereafter, was engaged in with oppression and malice and in conscious disregard of Newman's rights.  Polar Air Cargo, through its officers, directors and/or managing agents authorized and/or ratified the conduct of its employees through a policy of permitting persons in his and similar positions to make false and disparaging statements about employees such as Newman in the process of terminating them, and thereafter, in order to create the appearance of legitimate bases for termination, and thereby fostered an atmosphere tolerating and encouraging such conduct.  Accordingly, exemplary damages are warranted against Polar Air Cargo.

-8-
COMPLAINT

## SIXTH CAUSE OF ACTION

### Intentional Infliction of Emotional Distress

30.     Newman repeats, realleges and incorporates by this reference the allegations contained in paragraphs 25-29, inclusive, as though set forth in full.

31.     The conduct of Polar Air Cargo toward Newman was outrageous. Polar Air Cargo knew that Newman's only intentions were to ensure that a safety deficiency was addressed for the benefit of the company, its employees, its customers, and the public, and to deal responsibly with his and his spouse's health conditions, yet, instead of responding to his complaints and medical leave in a responsible and professional manner, Polar Air Cargo treated him like a liar and excuse-maker, ultimately firing him with an array of spiteful, false, disparaging and insulting accusations, leaving him unemployed and with a false written record of unsatisfactory competence and performance.

32.     Polar Air Cargo intended to cause Newman severe emotional distress, or acted recklessly with respect to the probability that its conduct would cause Scott to suffer severe emotional distress.

33.     As a proximate result of Polar Air Cargo's conduct, Newman suffered severe emotional distress in the form of anguish, anxiety, worry, shock, humiliation and shame, entitling him to the recovery of the general and special damages alleged herein.

34.     The spiteful and retaliatory treatment accorded Newman by Polar Air Cargo's personnel was done with oppression and malice and in conscious disregard of Newman's rights. Polar Air Cargo, through its officers, directors and/or managing agents authorized and/or ratified the conduct of its employees through a policy of permitting

-9-

1   persons in their and similar positions to retaliatorily degrade, defame and terminate its

2   professional employees who the company deems to be complainers, and thereby fostered

3   an atmosphere of tolerating and encouraging such action.  Accordingly, exemplary

4   damages are warranted against Polar Air Cargo.

5

6                          **PRAYER FOR RELIEF**

7            WHEREFORE, Newman prays for judgment against Polar Air Cargo as

8   follows:

9

10           1.      For general and compensatory damages according to proof but in no

11  event less than $100,000;

12           2.      For contractual and consequential damages according to proof;

13           3.      For reinstatement and/or reimbursement of lost wages and benefits

14  pursuant to California Labor Code § 6310 subd. (b);

15           4.      For exemplary damages;

16           5.      For costs of suit;

17           6.      For attorneys' fees as permitted by law;

18           7.      For interest on damages recoverable; and

19           8.      For such other and further relief as the Court deems just and proper.

20

21  DATED: March 21, 2011          LAW OFFICE OF DOUG GRIFFITH

22

23                          By: _____

24                                  Doug Griffith

25                                  Attorney for Plaintiff
                                    CHARLES CYRUS NEWMAN

26

27

28

                                   -10-
                                 COMPLAINT

## DEMAND FOR JURY TRIAL

Plaintiff respectfully requests that a jury be empanelled to decide all factual issues of this case.

DATED:  March 21, 2011          LAW OFFICE OF DOUG GRIFFITH

By: _____
                              Doug Griffith, Esq.

                    Attorney for Plaintiff
                    CHARLES CYRUS NEWMAN

-11-

COMPLAINT

Exhibit B



COPY

SUM-100

# SUMMONS
## (CITACION JUDICIAL)

<table>
<tr><td>

**NOTICE TO DEFENDANT:**
*(AVISO AL DEMANDADO):*
POLAR AIR CARGO WORLDWIDE, INC., a Delaware corporation;
and DOES 1 through 25, inclusive

**YOU ARE BEING SUED BY PLAINTIFF:**
*(LO ESTÁ DEMANDANDO EL DEMANDANTE):*
CHARLES CYRUS NEWMAN,
an individual

</td><td>

FOR COURT USE ONLY
*(SOLO PARA USO DE LA CORTE)*

**CONFORMED COPY
OF ORIGINAL FILED**
Los Angeles Superior Court

MAR 21 2011

John A. Clarke, Executive Officer/Clerk
By _____, Deputy
A.EI LeFLEUR-CLAYTON

</td></tr>
</table>

**NOTICE!** You have been sued. The court may decide against you without your being heard unless you respond within 30 days. Read the information below.

You have **30 CALENDAR DAYS** after this summons and legal papers are served on you to file a written response at this court and have a copy served on the plaintiff. A letter or phone call will not protect you. Your written response must be in proper legal form if you want the court to hear your case. There may be a court form that you can use for your response. You can find these court forms and more information at the California Courts Online Self-Help Center (www.courtinfo.ca.gov/selfhelp), your county law library, or the courthouse nearest you. If you cannot pay the filing fee, ask the court clerk for a fee waiver form. If you do not file your response on time, you may lose the case by default, and your wages, money, and property may be taken without further warning from the court.

There are other legal requirements. You may want to call an attorney right away. If you do not know an attorney, you may want to call an attorney referral service. If you cannot afford an attorney, you may be eligible for free legal services from a nonprofit legal services program. You can locate these nonprofit groups at the California Legal Services Web site (www.lawhelpcalifornia.org), the California Courts Online Self-Help Center (www.courtinfo.ca.gov/selfhelp), or by contacting your local court or county bar association. **NOTE:** The court has a statutory lien for waived fees and costs on any settlement or arbitration award of $10,000 or more in a civil case. The court's lien must be paid before the court will dismiss the case.

*¡AVISO! Lo han demandado. Si no responde dentro de 30 días, la corte puede decidir en su contra sin escuchar su versión. Lea la información a continuación.*

*Tiene 30 DÍAS DE CALENDARIO después de que le entreguen esta citación y papeles legales para presentar una respuesta por escrito en esta corte y hacer que se entregue una copia al demandante. Una carta o una llamada telefónica no lo protegen. Su respuesta por escrito tiene que estar en formato legal correcto si desea que procesen su caso en la corte. Es posible que haya un formulario que usted pueda usar para su respuesta. Puede encontrar estos formularios de la corte y más información en el Centro de Ayuda de las Cortes de California (www.sucorte.ca.gov), en la biblioteca de leyes de su condado o en la corte que le quede más cerca. Si no puede pagar la cuota de presentación, pida al secretario de la corte que le dé un formulario de exención de pago de cuotas. Si no presenta su respuesta a tiempo, puede perder el caso por incumplimiento y la corte le podrá quitar su sueldo, dinero y bienes sin más advertencia.*

*Hay otros requisitos legales. Es recomendable que llame a un abogado inmediatamente. Si no conoce a un abogado, puede llamar a un servicio de remisión a abogados. Si no puede pagar a un abogado, es posible que cumpla con los requisitos para obtener servicios legales gratuitos de un programa de servicios legales sin fines de lucro. Puede encontrar estos grupos sin fines de lucro en el sitio web de California Legal Services, (www.lawhelpcalifornia.org), en el Centro de Ayuda de las Cortes de California, (www.sucorte.ca.gov) o poniéndose en contacto con la corte o el colegio de abogados locales. AVISO: Por ley, la corte tiene derecho a reclamar las cuotas y los costos exentos por imponer un gravamen sobre cualquier recuperación de $10,000 ó más de valor recibida mediante un acuerdo o una concesión de arbitraje en un caso de derecho civil. Tiene que pagar el gravamen de la corte antes de que la corte pueda desechar el caso.*

<table>
<tr><td>

The name and address of the court is:
*(El nombre y dirección de la corte es):*
Los Angeles Superior Court, Central District (Stanley Mosk Courthouse)
111 North Hill Street
Los Angeles, California 90012

</td><td>

CASE NUMBER:
*(Número del Caso):*
BC457667

</td></tr>
</table>

The name, address, and telephone number of plaintiff's attorney, or plaintiff without an attorney, is:
*(El nombre, la dirección y el número de teléfono del abogado del demandante, o del demandante que no tiene abogado, es):*
Doug Griffith, Esq.          Telephone No.: 213-223-2092
Law Office of Doug Griffith; 633 W. 5th St., Ste. 2800; Los Angeles, CA 90071          Fax No.: 213-223-2093

DATE:                    Clerk, by                              , Deputy
*(Fecha)*  JOHN A. CLARKE, CLERK  *(Secretario)*  AMBER LeFLEUR-CLAYTON  *(Adjunto)*

*(For proof of service of this summons, use Proof of Service of Summons (form POS-010).)*
*(Para prueba de entrega de esta citación use el formulario Proof of Service of Summons, (POS-010).)*

**NOTICE TO THE PERSON SERVED:** You are served

[SEAL]

MAR 21 2011

1. ☐ as an individual defendant.
2. ☐ as the person sued under the fictitious name of *(specify):*
3. ☒ on behalf of *(specify):* Polar Air Cargo Worldwide, Inc., a Delaware corporation.
   under: ☒ CCP 416.10 (corporation)          ☐ CCP 416.60 (minor)
          ☐ CCP 416.20 (defunct corporation)   ☐ CCP 416.70 (conservatee)
          ☐ CCP 416.40 (association or partnership)  ☐ CCP 416.90 (authorized person)
          ☐ other *(specify):*
4. ☐ by personal delivery on *(date):* 3/23/11

Form Adopted for Mandatory Use
Judicial Council of California
SUM-100 [Rev. July 1, 2009]

**SUMMONS**

Page 1 of 1

Code of Civil Procedure §§ 412.20, 465
www.courtinfo.ca.gov
LexisNexis® Automated California Judicial Council Forms

Exhibit C

SUPERIOR COURT OF CALIFORNIA, COUNTY OF LOS ANGELES
NOTICE OF CASE ASSIGNMENT - UNLIMITED CIVIL CASE
Case Number

BC457667

THIS FORM IS TO BE SERVED WITH THE SUMMONS AND COMPLAINT

Your case is assigned for all purposes to the judicial officer indicated below (Local Rule 7.3C). There is additional information on the reverse side of this f

| ASSIGNED JUDGE | DEPT | ROOM | ASSIGNED JUDGE | DEPT | ROOM | |
|---|---|---|---|---|---|---|
| Hon. Carolyn B. Kuhl | 1 | 534 | Hon. Holly E. Kendig | 42 | 416 | |
| Hon. J. Stephen Czuleger | 3 | 224 | Hon. Mel Red Recana | 45 | 529 | |
| Hon. Luis A. Lavin | 13 | 630 | Hon. Debre Katz Weintraub | 47 | 507 | |
| Hon. Terry A. Green | 14 | 300 | Hon. Elizabeth Allen White | 48 | 506 | |
| Hon. Richard Fruin | 15 | 307 | Hon. Deirdre Hill | 49 | 509 | |
| Hon. Rita Miller | 16 | 306 | Hon. John Shepard Wiley Jr. | 50 | 508 | |
| Hon. Richard E. Rico | 17 | 309 | Hon. Abraham Khan | 51 | 511 | |
| Hon. Rex Heeseman | 19 | 311 | Hon. Susan Bryant-Deason | 52 | 510 | |
| Hon. Kevin C. Brazile | 20 | 310 | Hon. John P. Shook | 53 | 513 | |
| Hon. Zaven V. Sinanian | 23 | 315 | Hon. Ernest M. Hiroshige | 54 | 512 | |
| Hon. Robert L. Hess | 24 | 314 | Hon. Malcolm H. Mackey | 55 | 515 | |
| Hon. Mary Ann Murphy | 25 | 317 | Hon. Michael Johnson | 56 | 514 | |
| Hon. James R. Dunn | 26 | 316 | Hon. Ralph W. Dau | 57 | 517 | |
| Hon. Yvette M. Palazuelos | 28 | 318 | Hon. Rolf M. Treu | 58 | 516 | |
| Hon. John A. Kronstadt | 30 | 400 | Hon. David L. Minning | 61 | 632 | |
| Hon. Alan S. Rosenfield | 31 | 407 | Hon. Michael L. Stern | 62 | 600 | |
| Hon. Mary H. Strobel | 32 | 406 | Hon. Kenneth R. Freeman | 64 | 601 | |
| Hon. Charles F. Palmer | 33 | 409 | Hon. Mark Mooney | 68 | 617 | |
| Hon. Amy D. Hogue | 34 | 408 | Hon. Ramona See | 69 | 621 | |
| Hon. Daniel Buckley | 35 | 411 | Hon. Soussan G. Bruguera | 71 | 729 | |
| Hon. Gregory Alarcon | 36 | 410 | Hon. Ruth Ann Kwan | 72 | 731 | |
| Hon. Joanne O'Donnell | 37 | 413 | Hon. Teresa Sanchez-Gordon | 74 | 735 | |
| Hon. Maureen Duffy-Lewis | 38 | 412 | Hon. William F. Fahey | 78 | 730 | |
| Hon. Michael C. Solner | 39 | 415 | Hon. Emilie H. Elias* | 324 | CCW | |
| Hon. Michelle R. Rosenblatt | 40 | 414 | other | | | |
| Hon. Ronald M. Sohigian | 41 | 417 | | | | |

*Class Actions
All class actions are initially assigned to Judge Emilie H. Elias in Department 324 of the Central Civil West Courthouse (600 S.Commonwealth Ave., Los Angeles 900
This assignment is for the purpose of assessing whether or not the case is complex within the meaning of California Rules of Court, rule 3.400. Depending on the
Outcome of that assessment, the class action case may be reassigned to one of the judges of the Complex Litigation Program or reassigned randomly to a court in the
Central District.

Given to the Plaintiff/Cross-Complainant/Attorney of Record on _____     JOHN A. CLARKE, Executive Officer/Clerk
                                                                               By _____, Deputy Clerk

LACIV CCH 190 (Rev. 04/10)                  NOTICE OF CASE ASSIGNMENT -                          Page 1 of 2
LASC Approved 05-06                         UNLIMITED CIVIL CASE

**COPY**

BY FAX

CM-010

| | |
|---|---|
| ATTORNEY OR PARTY WITHOUT ATTORNEY (Name, State Bar number, and address):<br>Doug Griffith, Esq. (SB# 185333)<br>633 W. 5th St., Ste. 2800<br>Los Angeles, CA 90071<br>TELEPHONE NO.: 213-223-2092   FAX NO.: 213-223-2093<br>ATTORNEY FOR (Name): Plaintiff CHARLES CYRUS NEWMAN | FOR COURT USE ONLY<br><br>CONFORMED COPY<br>OF ORIGINAL FILED<br>Los Angeles Superior Court<br><br>MAR 21 2011<br><br>John A. Clarke, Executive Officer/Clerk<br>By _____ Deputy<br>EURENA LOPEZ |

SUPERIOR COURT OF CALIFORNIA, COUNTY OF LOS ANGELES
STREET ADDRESS: 111 North Hill Street
MAILING ADDRESS:
CITY AND ZIP CODE: Los Angeles, California 90012
BRANCH NAME: Central District (Stanley Mosk Courthouse)

CASE NAME:
NEWMAN v. POLAR AIR CARGO WORLDWIDE, INC., et al.

| CIVIL CASE COVER SHEET | Complex Case Designation | CASE NUMBER: |
|---|---|---|
| [X] Unlimited    [ ] Limited<br>(Amount    (Amount<br>demanded    demanded is<br>exceeds $25,000)   $25,000 or less) | [ ] Counter   [ ] Joinder<br>Filed with first appearance by defendant<br>(Cal. Rules of Court, rule 3.402) | **BC457667**<br>JUDGE:<br>DEPT: |

Items 1–6 below must be completed (see instructions on page 2).

1. Check one box below for the case type that best describes this case:

**Auto Tort**
[ ] Auto (22)
[ ] Uninsured motorist (46)

**Other PI/PD/WD (Personal Injury/Property Damage/Wrongful Death) Tort**
[ ] Asbestos (04)
[ ] Product liability (24)
[ ] Medical malpractice (45)
[ ] Other PI/PD/WD (23)

**Non-PI/PD/WD (Other) Tort**
[ ] Business tort/unfair business practice (07)
[ ] Civil rights (08)
[ ] Defamation (13)
[ ] Fraud (16)
[ ] Intellectual property (19)
[ ] Professional negligence (25)
[ ] Other non-PI/PD/WD tort (35)

**Employment**
[X] Wrongful termination (36)
[ ] Other employment (15)

**Contract**
[ ] Breach of contract/warranty (06)
[ ] Rule 3.740 collections (09)
[ ] Other collections (09)
[ ] Insurance coverage (18)
[ ] Other contract (37)

**Real Property**
[ ] Eminent domain/inverse condemnation (14)
[ ] Wrongful eviction (33)
[ ] Other real property (26)

**Unlawful Detainer**
[ ] Commercial (31)
[ ] Residential (32)
[ ] Drugs (38)

**Judicial Review**
[ ] Asset forfeiture (05)
[ ] Petition re: arbitration award (11)
[ ] Writ of mandate (02)
[ ] Other judicial review (39)

**Provisionally Complex Civil Litigation (Cal. Rules of Court, rules 3.400–3.403)**
[ ] Antitrust/Trade regulation (03)
[ ] Construction defect (10)
[ ] Mass tort (40)
[ ] Securities litigation (28)
[ ] Environmental/Toxic tort (30)
[ ] Insurance coverage claims arising from the above listed provisionally complex case types (41)

**Enforcement of Judgment**
[ ] Enforcement of judgment (20)

**Miscellaneous Civil Complaint**
[ ] RICO (27)
[ ] Other complaint (not specified above) (42)

**Miscellaneous Civil Petition**
[ ] Partnership and corporate governance (21)
[ ] Other petition (not specified above) (43)

2. This case [ ] is  [X] is not  complex under rule 3.400 of the California Rules of Court. If the case is complex, mark the factors requiring exceptional judicial management:
   a. [ ] Large number of separately represented parties   d. [ ] Large number of witnesses
   b. [ ] Extensive motion practice raising difficult or novel   e. [ ] Coordination with related actions pending in one or more courts
      issues that will be time-consuming to resolve      in other counties, states, or countries, or in a federal court
   c. [ ] Substantial amount of documentary evidence   f. [ ] Substantial postjudgment judicial supervision

3. Remedies sought (check all that apply): a. [X] monetary   b. [ ] nonmonetary; declaratory or injunctive relief   c. [X] punitive

4. Number of causes of action (specify): Six (breach of employment contract, retaliation x2, wrongful termination, defamation, IIED)

5. This case [ ] is  [X] is not  a class action suit.

6. If there are any known related cases, file and serve a notice of related case. (You may use form CM-015.)

Date: March 21, 2011

Doug Griffith, Esq.
(TYPE OR PRINT NAME)

(SIGNATURE OF PARTY OR ATTORNEY FOR PARTY)

**NOTICE**
- Plaintiff must file this cover sheet with the first paper filed in the action or proceeding (except small claims cases or cases filed under the Probate Code, Family Code, or Welfare and Institutions Code). (Cal. Rules of Court, rule 3.220.) Failure to file may result in sanctions.
- File this cover sheet in addition to any cover sheet required by local court rule.
- If this case is complex under rule 3.400 et seq. of the California Rules of Court, you must serve a copy of this cover sheet on all other parties to the action or proceeding.
- Unless this is a collections case under rule 3.740 or a complex case, this cover sheet will be used for statistical purposes only.

Page 1 of 2

Form Adopted for Mandatory Use
Judicial Council of California
CM-010 [Rev. July 1, 2007]

**CIVIL CASE COVER SHEET**

Cal. Rules of Court, rules 2.30, 3.220, 3.400–3.403, 3.740;
Cal. Standards of Judicial Administration, std. 3.10
www.courtinfo.ca.gov
LexisNexis® Automated California Judicial Council Forms

# COPY

*BY FAX*

| SHORT TITLE: | CASE NUMBER |
|---|---|
| NEWMAN v. POLAR AIR CARGO WORLDWIDE, INC., et al. | BC457667 |

## CIVIL CASE COVER SHEET ADDENDUM AND
## STATEMENT OF LOCATION
### (CERTIFICATE OF GROUNDS FOR ASSIGNMENT TO COURTHOUSE LOCATION)

This form is required pursuant to Local Rule 2.0 in all new civil case filings in the Los Angeles Superior Court.

Item I. Check the types of hearing and fill in the estimated length of hearing expected for this case:

JURY TRIAL? ☑ YES    CLASS ACTION? ☐ YES   LIMITED CASE? ☐ YES   TIME ESTIMATED FOR TRIAL  7  ☐ HOURS/ ☑ DAYS

Item II. Indicate the correct district and courthouse location (4 steps – if you checked "Limited Case", skip to Item III, Pg. 4):

**Step 1:** After first completing the Civil Case Cover Sheet form, find the main Civil Case Cover Sheet heading for your case in the left margin below, and, to the right in Column A, the Civil Case Cover Sheet case type you selected.

**Step 2:** Check **one** Superior Court type of action in Column B below which best describes the nature of this case.

**Step 3:** In Column C, circle the reason for the court location choice that applies to the type of action you have checked.  For any exception to the court location, see Local Rule 2.0.

| Applicable Reasons for Choosing Courthouse Location (see Column C below) |
|---|

1. Class actions must be filed in the Stanley Mosk Courthouse, central district.
2. May be filed in central (other county, or no bodily injury/property damage).
3. Location where cause of action arose.
4. Location where bodily injury, death or damage occurred.
5. Location where performance required or defendant resides.
6. Location of property or permanently garaged vehicle.
7. Location where petitioner resides.
8. Location wherein defendant/respondent functions wholly.
9. Location where one or more of the parties reside.
10. Location of Labor Commissioner Office.

**Step 4:** Fill in the information requested on page 4 in Item III; complete Item IV.  Sign the declaration.

| | A<br>Civil Case Cover Sheet<br>Category No. | B<br>Type of Action<br>(Check only one) | C<br>Applicable Reasons -<br>See Step 3 Above |
|---|---|---|---|
| **Auto Tort** | Auto (22) | ☐ A7100  Motor Vehicle - Personal Injury/Property Damage/Wrongful Death | 1., 2., 4. |
| | Uninsured Motorist (46) | ☐ A7110  Personal Injury/Property Damage/Wrongful Death – Uninsured Motorist | 1., 2., 4. |
| **Other Personal Injury/Property Damage/Wrongful Death Tort** | Asbestos (04) | ☐ A6070  Asbestos Property Damage<br>☐ A7221  Asbestos - Personal Injury/Wrongful Death | 2.<br>2. |
| | Product Liability (24) | ☐ A7260  Product Liability (not asbestos or toxic/environmental) | 1., 2., 3., 4., 8. |
| | Medical Malpractice (45) | ☐ A7210  Medical Malpractice - Physicians & Surgeons<br>☐ A7240  Other Professional Health Care Malpractice | 1., 4.<br>1., 4. |
| | Other<br>Personal Injury<br>Property Damage<br>Wrongful Death<br>(23) | ☐ A7250  Premises Liability (e.g., slip and fall)<br>☐ A7230  Intentional Bodily Injury/Property Damage/Wrongful Death (e.g., assault, vandalism, etc.)<br>☐ A7270  Intentional Infliction of Emotional Distress<br>☐ A7220  Other Personal Injury/Property Damage/Wrongful Death | 1., 4.<br>1., 4.<br>1., 3.<br>1., 4. |

LACIV 109 (Rev. 03/11)
LASC Approved 03-04

### CIVIL CASE COVER SHEET ADDENDUM
### AND STATEMENT OF LOCATION

Local Rule 2.0
Page 1 of 4

| SHORT TITLE: NEWMAN v. POLAR AIR CARGO WORLDWIDE, INC., et al. | CASE NUMBER |
|---|---|

| | A<br>Civil Case Cover Sheet<br>Category No. | B<br>Type of Action<br>(Check only one) | C<br>Applicable Reasons -<br>See Step 3 Above |
|---|---|---|---|
| **Non-Personal Injury/Property Damage/ Wrongful Death Tort** | Business Tort (07) | ☐ A6029  Other Commercial/Business Tort (not fraud/breach of contract) | 1., 3. |
| | Civil Rights (08) | ☐ A6005  Civil Rights/Discrimination | 1., 2., 3. |
| | Defamation (13) | ☐ A6010  Defamation (slander/libel) | 1., 2., 3. |
| | Fraud (16) | ☐ A6013  Fraud (no contract) | 1., 2., 3. |
| | Professional Negligence (25) | ☐ A6017  Legal Malpractice | 1., 2., 3. |
| | | ☐ A6050  Other Professional Malpractice (not medical or legal) | 1., 2., 3. |
| | Other (35) | ☐ A6025  Other Non-Personal Injury/Property Damage tort | 2., 3. |
| **Employment** | Wrongful Termination (36) | ☑ A6037  Wrongful Termination | 1., 2., 3. |
| | Other Employment (15) | ☐ A6024  Other Employment Complaint Case | 1., 2., 3. |
| | | ☐ A6109  Labor Commissioner Appeals | 10. |
| **Contract** | Breach of Contract/ Warranty (06)<br>(not insurance) | ☐ A6004  Breach of Rental/Lease Contract (not unlawful detainer or wrongful eviction) | 2., 5. |
| | | ☐ A6008  Contract/Warranty Breach -Seller Plaintiff (no fraud/negligence) | 2., 5. |
| | | ☐ A6019  Negligent Breach of Contract/Warranty (no fraud) | 1., 2., 5. |
| | | ☐ A6028  Other Breach of Contract/Warranty (not fraud or negligence) | 1., 2., 5. |
| | Collections (09) | ☐ A6002  Collections Case-Seller Plaintiff | 2., 5., 6. |
| | | ☐ A6012  Other Promissory Note/Collections Case | 2., 5. |
| | Insurance Coverage (18) | ☐ A6015  Insurance Coverage (not complex) | 1., 2., 5., 8. |
| | Other Contract (37) | ☐ A6009  Contractual Fraud | 1., 2., 3., 5. |
| | | ☐ A6031  Tortious Interference | 1., 2., 3., 5. |
| | | ☐ A6027  Other Contract Dispute(not breach/insurance/fraud/negligence) | 1., 2., 3., 8. |
| **Real Property** | Eminent Domain/Inverse Condemnation (14) | ☐ A7300  Eminent Domain/Condemnation          Number of parcels_____ | 2. |
| | Wrongful Eviction (33) | ☐ A6023  Wrongful Eviction Case | 2., 6. |
| | Other Real Property (26) | ☐ A6018  Mortgage Foreclosure | 2., 6. |
| | | ☐ A6032  Quiet Title | 2., 6. |
| | | ☐ A6060  Other Real Property (not eminent domain, landlord/tenant, foreclosure) | 2., 6. |
| **Unlawful Detainer** | Unlawful Detainer-Commercial (31) | ☐ A6021  Unlawful Detainer-Commercial (not drugs or wrongful eviction) | 2., 6. |
| | Unlawful Detainer-Residential (32) | ☐ A6020  Unlawful Detainer-Residential (not drugs or wrongful eviction) | 2., 6. |
| | Unlawful Detainer-Post-Foreclosure (34) | ☐ A6020F Unlawful Detainer-Post-Foreclosure | 2., 6. |
| | Unlawful Detainer-Drugs (38) | ☐ A6022  Unlawful Detainer-Drugs | 2., 6. |

LACIV 109 (Rev. 03/11)
LASC Approved 03-04

**CIVIL CASE COVER SHEET ADDENDUM
AND STATEMENT OF LOCATION**

Local Rule 2.0
Page 2 of 4

| SHORT TITLE: | | CASE NUMBER |
|---|---|---|
| NEWMAN v. POLAR AIR CARGO WORLDWIDE, INC., et al. | | |

| | A Civil Case Cover Sheet Category No. | B Type of Action (Check only one) | C Applicable Reasons - See Step 3 Above |
|---|---|---|---|
| **Judicial Review** | Asset Forfeiture (05) | ☐ A6108  Asset Forfeiture Case | 2., 6. |
| | Petition re Arbitration (11) | ☐ A6115  Petition to Compel/Confirm/Vacate Arbitration | 2., 5. |
| | Writ of Mandate (02) | ☐ A6151  Writ - Administrative Mandamus | 2., 8. |
| | | ☐ A6152  Writ - Mandamus on Limited Court Case Matter | 2. |
| | | ☐ A6153  Writ - Other Limited Court Case Review | 2. |
| | Other Judicial Review (39) | ☐ A6150  Other Writ /Judicial Review | 2., 8. |
| **Provisionally Complex Litigation** | Antitrust/Trade Regulation (03) | ☐ A6003  Antitrust/Trade Regulation | 1., 2., 8. |
| | Construction Defect (10) | ☐ A6007  Construction Defect | 1., 2., 3. |
| | Claims Involving Mass Tort (40) | ☐ A6006  Claims Involving Mass Tort | 1., 2., 8. |
| | Securities Litigation (28) | ☐ A6035  Securities Litigation Case | 1., 2., 8. |
| | Toxic Tort Environmental (30) | ☐ A6036  Toxic Tort/Environmental | 1., 2., 3., 8. |
| | Insurance Coverage Claims from Complex Case (41) | ☐ A6014  Insurance Coverage/Subrogation (complex case only) | 1., 2., 5., 8. |
| **Enforcement of Judgment** | Enforcement of Judgment (20) | ☐ A6141  Sister State Judgment | 2., 9. |
| | | ☐ A6160  Abstract of Judgment | 2., 6. |
| | | ☐ A6107  Confession of Judgment (non-domestic relations) | 2., 9. |
| | | ☐ A6140  Administrative Agency Award (not unpaid taxes) | 2., 8. |
| | | ☐ A6114  Petition/Certificate for Entry of Judgment on Unpaid Tax | 2., 8. |
| | | ☐ A6112  Other Enforcement of Judgment Case | 2., 8., 9. |
| **Miscellaneous Civil Complaints** | RICO (27) | ☐ A6033  Racketeering (RICO) Case | 1., 2., 8. |
| | Other Complaints (Not Specified Above) (42) | ☐ A6030  Declaratory Relief Only | 1., 2., 8. |
| | | ☐ A6040  Injunctive Relief Only (not domestic/harassment) | 2., 8. |
| | | ☐ A6011  Other Commercial Complaint Case (non-tort/non-complex) | 1., 2., 8. |
| | | ☐ A6000  Other Civil Complaint (non-tort/non-complex) | 1., 2., 8. |
| **Miscellaneous Civil Petitions** | Partnership Corporation Governance (21) | ☐ A6113  Partnership and Corporate Governance Case | 2., 8. |
| | Other Petitions (Not Specified Above) (43) | ☐ A6121  Civil Harassment | 2., 3., 9. |
| | | ☐ A6123  Workplace Harassment | 2., 3., 9. |
| | | ☐ A6124  Elder/Dependent Adult Abuse Case | 2., 3., 9. |
| | | ☐ A6190  Election Contest | 2. |
| | | ☐ A6110  Petition for Change of Name | 2., 7. |
| | | ☐ A6170  Petition for Relief from Late Claim Law | 2., 3., 4., 8. |
| | | ☐ A6100  Other Civil Petition | 2., 9. |

LACIV 109 (Rev. 03/11)
LASC Approved 03-04

**CIVIL CASE COVER SHEET ADDENDUM
AND STATEMENT OF LOCATION**

Local Rule 2.0
Page 3 of 4

| SHORT TITLE: NEWMAN v. POLAR AIR CARGO WORLDWIDE, INC., et al. | CASE NUMBER |
|---|---|

**Item III. Statement of Location:** Enter the address of the accident, party's residence or place of business, performance, or other circumstance indicated in Item II., Step 3 on Page 1, as the proper reason for filing in the court location you selected.

| REASON: Check the appropriate boxes for the numbers shown under Column C for the type of action that you have selected for this case. | ADDRESS: 13700 Marina Pointe Dr. |
|---|---|
| ☐1. ☒2. ☐3. ☐4. ☐5. ☐6. ☐7. ☐8. ☐9. ☐10. | |
| CITY: Marina del Rey | STATE: CA   ZIP CODE: 90292 |

**Item IV. *Declaration of Assignment:*** I declare under penalty of perjury under the laws of the State of California that the foregoing is true and correct and that the above-entitled matter is properly filed for assignment to the ____Stanley Mosk____ courthouse in the ____Central____ District of the Superior Court of California, County of Los Angeles [Code Civ. Proc., § 392 et seq., and Local Rule 2.0, subds. (b), (c) and (d)].

Dated: ___March 21, 2011___

_____
(SIGNATURE OF ATTORNEY/FILING PARTY)

**PLEASE HAVE THE FOLLOWING ITEMS COMPLETED AND READY TO BE FILED IN ORDER TO PROPERLY COMMENCE YOUR NEW COURT CASE:**

1. Original Complaint or Petition.

2. If filing a Complaint, a completed Summons form for issuance by the Clerk.

3. Civil Case Cover Sheet, Judicial Council form CM-010.

4. Civil Case Cover Sheet Addendum and Statement of Location form, LACIV 109, LASC Approved 03-04 (Rev. 03/11).

5. Payment in full of the filing fee, unless fees have been waived.

6. A signed order appointing the Guardian ad Litem, Judicial Council form CIV-010, if the plaintiff or petitioner is a minor under 18 years of age will be required by Court in order to issue a summons.

7. Additional copies of documents to be conformed by the Clerk. Copies of the cover sheet and this addendum must be served along with the summons and complaint, or other initiating pleading in the case.

LACIV 109 (Rev. 03/11)
LASC Approved 03-04

**CIVIL CASE COVER SHEET ADDENDUM
AND STATEMENT OF LOCATION**

Local Rule 2.0
Page 4 of 4

# UNITED STATES DISTRICT COURT
# CENTRAL DISTRICT OF CALIFORNIA

### NOTICE OF ASSIGNMENT TO UNITED STATES MAGISTRATE JUDGE FOR DISCOVERY

This case has been assigned to District Judge Dale S. Fischer and the assigned discovery Magistrate Judge is Michael Wilner.

The case number on all documents filed with the Court should read as follows:

### CV11- 3372 DSF (MRWx)

Pursuant to General Order 05-07 of the United States District Court for the Central District of California, the Magistrate Judge has been designated to hear discovery related motions.

All discovery related motions should be noticed on the calendar of the Magistrate Judge

= = = = = = = = = = = = = = = = = = = = = = = = = = = = = = = = = = = = = = = =

**NOTICE TO COUNSEL**

*A copy of this notice must be served with the summons and complaint on all defendants (if a removal action is filed, a copy of this notice must be served on all plaintiffs).*

Subsequent documents must be filed at the following location:

| | | |
|---|---|---|
| **[X]** **Western Division** | **[ ]** **Southern Division** | **[ ]** **Eastern Division** |
| 312 N. Spring St., Rm. G-8 | 411 West Fourth St., Rm. 1-053 | 3470 Twelfth St., Rm. 134 |
| Los Angeles, CA 90012 | Santa Ana, CA 92701-4516 | Riverside, CA 92501 |

Failure to file at the proper location will result in your documents being returned to you.

**UNITED STATES DISTRICT COURT, CENTRAL DISTRICT OF CALIFORNIA**

**CIVIL COVER SHEET**

| | |
|---|---|
| **I (a) PLAINTIFFS** (Check box if you are representing yourself ☐)<br>Charles Cyrus Newman | **DEFENDANTS**<br>Polar Air Cargo Worldwide, Inc. |
| **(b)** Attorneys (Firm Name, Address and Telephone Number. If you are representing yourself, provide same.)<br>DOUG GRIFFITH, ESQ.  SBN: 185333<br>LAW OFFICE OF DOUG GRIFFITH, 633 West 5th Street, Suite 2800, Los Angeles, California 90071; telephone: (213) 223-2092 | Attorneys (If Known)<br>MIKE MARGOLIS, ESQ.  SBN: 087785<br>KIMBERLY L. OWENS, ESQ.  SBN: 233185<br>MARGOLIS & TISMAN LLP, 444 South Flower Street, Suite 2300, Los Angeles, California 90071; telephone: (213) 683-0300 |

**II. BASIS OF JURISDICTION** (Place an X in one box only.)

☐ 1 U.S. Government Plaintiff    ☐ 3 Federal Question (U.S. Government Not a Party)

☐ 2 U.S. Government Defendant    ☒ 4 Diversity (Indicate Citizenship of Parties in Item III.)

**III. CITIZENSHIP OF PRINCIPAL PARTIES** - For Diversity Cases Only
(Place an X in one box for plaintiff and one for defendant.)

| | PTF | DEF | | PTF | DEF |
|---|---|---|---|---|---|
| Citizen of This State | ☒ 1 | ☐ 1 | Incorporated or Principal Place of Business in this State | ☐ 4 | ☐ 4 |
| Citizen of Another State | ☐ 2 | ☐ 2 | Incorporated and Principal Place of Business in Another State | ☐ 5 | ☒ 5 |
| Citizen or Subject of a Foreign Country | ☐ 3 | ☐ 3 | Foreign Nation | ☐ 6 | ☐ 6 |

**IV. ORIGIN** (Place an X in one box only.)

☐ 1 Original Proceeding    ☒ 2 Removed from State Court    ☐ 3 Remanded from Appellate Court    ☐ 4 Reinstated or Reopened    ☐ 5 Transferred from another district (specify):    ☐ 6 Multi-District Litigation    ☐ 7 Appeal to District Judge from Magistrate Judge

**V. REQUESTED IN COMPLAINT: JURY DEMAND:** ☒ Yes  ☐ No (Check 'Yes' only if demanded in complaint.)

**CLASS ACTION under F.R.C.P. 23:** ☐ Yes  ☒ No    ☒ **MONEY DEMANDED IN COMPLAINT:** $ 100,000+

**VI. CAUSE OF ACTION** (Cite the U.S. Civil Statute under which you are filing and write a brief statement of cause. Do not cite jurisdictional statutes unless diversity.)
Diversity jurisdiction under 28 U.S.C. § 1332(a).

**VII. NATURE OF SUIT** (Place an X in one box only.)

| OTHER STATUTES | CONTRACT | TORTS PERSONAL INJURY | TORTS PERSONAL PROPERTY | PRISONER PETITIONS | LABOR |
|---|---|---|---|---|---|
| ☐ 400 State Reapportionment | ☐ 110 Insurance | ☐ 310 Airplane | ☐ 370 Other Fraud | ☐ 510 Motions to Vacate Sentence Habeas Corpus | ☐ 710 Fair Labor Standards Act |
| ☐ 410 Antitrust | ☐ 120 Marine | ☐ 315 Airplane Product Liability | ☐ 371 Truth in Lending | ☐ 530 General | ☐ 720 Labor/Mgmt. Relations |
| ☐ 430 Banks and Banking | ☐ 130 Miller Act | ☐ 320 Assault, Libel & Slander | ☐ 380 Other Personal Property Damage | ☐ 535 Death Penalty | ☐ 730 Labor/Mgmt. Reporting & Disclosure Act |
| ☐ 450 Commerce/ICC Rates/etc. | ☐ 140 Negotiable Instrument | ☐ 330 Fed. Employers' Liability | ☐ 385 Property Damage Product Liability | ☐ 540 Mandamus/Other | ☐ 740 Railway Labor Act |
| ☐ 460 Deportation | ☐ 150 Recovery of Overpayment & Enforcement of Judgment | ☐ 340 Marine | **BANKRUPTCY** | ☐ 550 Civil Rights | ☐ 790 Other Labor Litigation |
| ☐ 470 Racketeer Influenced and Corrupt Organizations | | ☐ 345 Marine Product Liability | ☐ 422 Appeal 28 USC 158 | ☐ 555 Prison Condition | ☐ 791 Empl. Ret. Inc. Security Act |
| ☐ 480 Consumer Credit | ☐ 151 Medicare Act | ☐ 350 Motor Vehicle | ☐ 423 Withdrawal 28 USC 157 | **FORFEITURE / PENALTY** | **PROPERTY RIGHTS** |
| ☐ 490 Cable/Sat TV | ☐ 152 Recovery of Defaulted Student Loan (Excl. Veterans) | ☐ 355 Motor Vehicle Product Liability | **CIVIL RIGHTS** | ☐ 610 Agriculture | ☐ 820 Copyrights |
| ☐ 810 Selective Service | | ☐ 360 Other Personal Injury | ☐ 441 Voting | ☐ 620 Other Food & Drug | ☐ 830 Patent |
| ☐ 850 Securities/Commodities/Exchange | ☐ 153 Recovery of Overpayment of Veteran's Benefits | ☐ 362 Personal Injury-Med Malpractice | ☒ 442 Employment | ☐ 625 Drug Related Seizure of Property 21 USC 881 | ☐ 840 Trademark |
| ☐ 875 Customer Challenge 12 USC 3410 | ☐ 160 Stockholders' Suits | ☐ 365 Personal Injury-Product Liability | ☐ 443 Housing/Accommodations | | **SOCIAL SECURITY** |
| ☐ 890 Other Statutory Actions | ☐ 190 Other Contract | ☐ 368 Asbestos Personal Injury Product Liability | ☐ 444 Welfare | ☐ 630 Liquor Laws | ☐ 861 HIA (1395ff) |
| ☐ 891 Agricultural Act | ☐ 195 Contract Product Liability | | ☐ 445 American with Disabilities - Employment | ☐ 640 R.R. & Truck | ☐ 862 Black Lung (923) |
| ☐ 892 Economic Stabilization Act | ☐ 196 Franchise | **REAL PROPERTY** | | ☐ 650 Airline Regs | ☐ 863 DIWC/DIWW (405(g)) |
| ☐ 893 Environmental Matters | **REAL PROPERTY** | ☐ 210 Land Condemnation | ☐ 446 American with Disabilities - Other | ☐ 660 Occupational Safety /Health | ☐ 864 SSID Title XVI |
| ☐ 894 Energy Allocation Act | ☐ 210 Land Condemnation | ☐ 220 Foreclosure | ☐ 440 Other Civil Rights | ☐ 690 Other | ☐ 865 RSI (405(g)) |
| ☐ 895 Freedom of Info. Act | ☐ 220 Foreclosure | ☐ 230 Rent Lease & Ejectment | **IMMIGRATION** | | **FEDERAL TAX SUITS** |
| ☐ 900 Appeal of Fee Determination Under Equal Access to Justice | ☐ 230 Rent Lease & Ejectment | ☐ 240 Torts to Land | ☐ 462 Naturalization Application | | ☐ 870 Taxes (U.S. Plaintiff or Defendant) |
| ☐ 950 Constitutionality of State Statutes | ☐ 240 Torts to Land | ☐ 245 Tort Product Liability | ☐ 463 Habeas Corpus-Alien Detainee | | ☐ 871 IRS-Third Party 26 USC 7609 |
| | ☐ 245 Tort Product Liability | ☐ 290 All Other Real Property | ☐ 465 Other Immigration Actions | | |
| | ☐ 290 All Other Real Property | | | | |

**CV11  03372**

FOR OFFICE USE ONLY:    Case Number: _____

**AFTER COMPLETING THE FRONT SIDE OF FORM CV-71, COMPLETE THE INFORMATION REQUESTED BELOW.**

**UNITED STATES DISTRICT COURT, CENTRAL DISTRICT OF CALIFORNIA**
CIVIL COVER SHEET

**VIII(a). IDENTICAL CASES:** Has this action been previously filed in this court and dismissed, remanded or closed? ☑ No  ☐ Yes
If yes, list case number(s): _____

**VIII(b). RELATED CASES:** Have any cases been previously filed in this court that are related to the present case? ☑ No  ☐ Yes
If yes, list case number(s): _____

Civil cases are deemed related if a previously filed case and the present case:
(Check all boxes that apply)  ☐ A. Arise from the same or closely related transactions, happenings, or events; or
　　　　　　　　　　　　 ☐ B. Call for determination of the same or substantially related or similar questions of law and fact; or
　　　　　　　　　　　　 ☐ C. For other reasons would entail substantial duplication of labor if heard by different judges; or
　　　　　　　　　　　　 ☐ D. Involve the same patent, trademark or copyright, and one of the factors identified above in a, b or c also is present.

**IX. VENUE:** (When completing the following information, use an additional sheet if necessary.)

(a) List the County in this District; California County outside of this District; State if other than California; or Foreign Country, in which EACH named plaintiff resides.
☐  Check here if the government, its agencies or employees is a named plaintiff. If this box is checked, go to item (b).

| County in this District:* | California County outside of this District; State, if other than California; or Foreign Country |
|---|---|
| Los Angeles County | |

(b) List the County in this District; California County outside of this District; State if other than California; or Foreign Country, in which EACH named defendant resides.
☐  Check here if the government, its agencies or employees is a named defendant. If this box is checked, go to item (c).

| County in this District:* | California County outside of this District; State, if other than California; or Foreign Country |
|---|---|
| | State of New York (principal place of business); State of Delaware (place of incorporation) |

(c) List the County in this District; California County outside of this District; State if other than California; or Foreign Country, in which EACH claim arose.
　Note: In land condemnation cases, use the location of the tract of land involved.

| County in this District:* | California County outside of this District; State, if other than California; or Foreign Country |
|---|---|
| | New York |

* Los Angeles, Orange, San Bernardino, Riverside, Ventura, Santa Barbara, or San Luis Obispo Counties
Note: In land condemnation cases, use the location of the tract of land involved.

X. SIGNATURE OF ATTORNEY (OR PRO PER): _____  Date April 20, 2011

Notice to Counsel/Parties:  The CV-71 (JS-44) Civil Cover Sheet and the information contained herein neither replace nor supplement the filing and service of pleadings or other papers as required by law. This form, approved by the Judicial Conference of the United States in September 1974, is required pursuant to Local Rule 3-1 is not filed but is used by the Clerk of the Court for the purpose of statistics, venue and initiating the civil docket sheet. (For more detailed instructions, see separate instructions sheet.)

Key to Statistical codes relating to Social Security Cases:

| Nature of Suit Code | Abbreviation | Substantive Statement of Cause of Action |
|---|---|---|
| 861 | HIA | All claims for health insurance benefits (Medicare) under Title 18, Part A, of the Social Security Act, as amended. Also, include claims by hospitals, skilled nursing facilities, etc., for certification as providers of services under the program. (42 U.S.C. 1935FF(b)) |
| 862 | BL | All claims for "Black Lung" benefits under Title 4, Part B, of the Federal Coal Mine Health and Safety Act of 1969. (30 U.S.C. 923) |
| 863 | DIWC | All claims filed by insured workers for disability insurance benefits under Title 2 of the Social Security Act, as amended; plus all claims filed for child's insurance benefits based on disability. (42 U.S.C. 405(g)) |
| 863 | DIWW | All claims filed for widows or widowers insurance benefits based on disability under Title 2 of the Social Security Act, as amended. (42 U.S.C. 405(g)) |
| 864 | SSID | All claims for supplemental security income payments based upon disability filed under Title 16 of the Social Security Act, as amended. |
| 865 | RSI | All claims for retirement (old age) and survivors benefits under Title 2 of the Social Security Act, as amended. (42 U.S.C. (g)) |